1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

| | | |
|---|---|---|
| RAYMOND WRIGHT, | ) | 1:08-CV-00205 AWI GSA HC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| B. MCAFEE, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

17     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.

19                                    **BACKGROUND**

20     Petitioner is currently in the custody of the California Department of Corrections at the

21  California Substance Abuse Treatment Facility and State Prison at Corcoran pursuant to a judgment

22  of the Superior Court of California, County of Long Beach, following his 1999 conviction of

23  possession of cocaine base. See Petition at 2.

24     With this petition, Petitioner does not challenge his underlying conviction and sentence.

25  Rather, he challenges a prison disciplinary hearing held on December 11, 2006, following a Rules

26  Violation Report issued on November 26, 2006, which charged Petitioner with delaying a peace

27  officer in the performance of his/her duties. See Attachments to Petition. At the conclusion of the

28  hearing, Petitioner was found guilty of the charges and assessed a 90 day loss of time credits, a 10

1   day loss of yard privileges, and a 90 day loss of visiting privileges. Id.

2                                  **DISCUSSION**

3   I. Jurisdiction

4           Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

5   to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

6   the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

7   375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

8   Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Corcoran State

9   Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a),

10  2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the

11  duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas

12  corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Therefore, the Court has jurisdiction

13  to entertain the petition.

14  II.  Review of Claims

15          Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

16  diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418

17  U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a

18  prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's

19  due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v.

20  Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-

21  455 (1984).

22          However, when a prison disciplinary proceeding may result in the loss of good time credits,

23  due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

24  disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional

25  goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement

26  by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S.

27  at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported

28  by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of

U.S. District Court
E. D. California          cd                                      2

1 | Immigration, 273 U.S. 103, 106 (1927).

2 |       Petitioner does not allege he was denied these minimum due process rights, and it is

3 | abundantly clear there was some evidence supporting the guilty finding. Petitioner readily concedes

4 | he plugged the toilet of his cell causing it to overflow and fill the surrounding level with water. He

5 | states he did this to attract attention of the prison guards because he wanted to be moved as he feared

6 | for his safety. Regardless of the nature of Petitioner's intentions, he clearly did the wrongful act.

7 | Therefore, the decision is supported by the evidence. As Petitioner's claims are plainly without

8 | merit, the petition should be summarily denied.

9 | **RECOMMENDATION**

10 |       Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus

11 | be SUMMARILY DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be

12 | DIRECTED to enter judgment.

13 |       This Findings and Recommendation is submitted to the assigned District Judge, pursuant to

14 | the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with the

15 | Findings and Recommendation, any party may file written objections with the Court and serve a

16 | copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

17 | Findings and Recommendation."  Any reply to the objections shall be served and filed within ten

18 | days after service of the objections.  The parties are advised that failure to file objections within the

19 | specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

20 | 1153 (9th Cir. 1991).

21 |

22 |    IT IS SO ORDERED.

23 | **Dated:   February 14, 2008**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

24 |

25 |

26 |

27 |

28 |

U.S. District Court
E. D. California      cd               3